James Michael MUNRO, Plaintiff—
Appellant,

v.

David TRISTAN, Chief deputy director
of corrections; et al., Defendants—
Appellees.

No. 03–16770.

D.C. No. CV–02–02754–LKK/DAD.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument and accordingly denies appellant's request for a hearing. *See* Fed. R.App. P. 34(a)(2).

James Michael Munro, Ione, CA, pro se.

Constance L. Picciano, Attorney General's Office, Sacramento, CA, for Defendants–Appellees.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

James Michael Munro, a California state prisoner, appeals pro se the district court's judgment dismissing under 28 U.S.C. § 1915A his 42 U.S.C. § 1983 action alleging that the California Department of Corrections' ("CDC") administrative bulletin banning sexually explicit materials containing frontal nudity is unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

■ The district court properly held that the CDC's administrative bulletin did not violate Munro's First Amendment rights because it sought to maintain security, reduce sexual harassment of female guards, and prevent a hostile work environment. *See Mauro v. Arpaio,* 188 F.3d 1054, 1063 (9th Cir.1999) (en banc) (holding that a prison regulation banning sexually explicit materials depicting frontal nudity did not violate inmate's First Amendment rights because it was rationally related to legitimate penological interests).

■ The district court properly dismissed Munro's due process claim because depriving him of sexually explicit materials did not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *see also Bahrampour v. Lampert,* 356 F.3d 969, 979 (9th Cir.2004) (affirming summary judgment for prison officials on First and Fourteenth Amendment claims alleging they withheld sexually explicit and role-playing magazines from inmate).

Contrary to Munro's contention, the district court's ruling addresses sexually explicit material, *see Mauro,* 188 F.3d at 1063, not obscene material, *see Miller v. California,* 413 U.S. 15, 24, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

■ The district court properly dismissed Munro's vague equal protection claim because he failed to allege facts demonstrating that he was treated differently than similarly-situated inmates. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

■ The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Munro's claim that the CDC bulletin violated his rights under California state law. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir.2001).

Munro's remaining contentions lack merit.

Munro's August 12, 2004 motion to provide appellant with a copy of the case file is denied without prejudice to appellant's making a specific showing as to what docu-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ments in the case file he needs and why in a renewed motion.

AFFIRMED.